**Dated: January 19, 2011**

_____

**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| WALTER RICHARD THIEM and | ) No. 4:10-bk-19279-JMM |
| KAY A. THIEM, | ) |
| | ) **MEMORANDUM DECISION** |
| Debtors. | ) |

## I. INTRODUCTION

In this matter of first impression, the chapter 7 trustee objects to the debtors' claimed exemption for an individual retirement account ("IRA") that Mrs. Thiem inherited as the beneficiary of her mother's IRA prior to bankruptcy.[1] Having considered the arguments as well as the amended Schedule C and the legal memoranda, the court herein sets forth its findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, overruling the trustee's objection and allowing the exemption in its entirety.

## II. JURISDICTION

The allowance of an exemption from property of the estate is a core proceeding. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

---

[1] Although the Trustee objected to four exempted accounts, only the inherited account is still in controversy and Trustee has withdrawn her objections to the other three.

1

<h3 align="center">III. FACTS AND PROCEDURE</h3>

2

3        Richard and Kay Thiem (the "debtors") filed a voluntary chapter 7 petition on June 19,

4 2010. Mr. Thiem receives social security disability income while Mrs. Thiem is employed by the

5 Tucson Medical Center.

6        In 2005, Mrs. Thiem's mother died, leaving her traditional IRA[2] to the debtor and the

7 debtor's sister, who were the beneficiaries. Within 60 days of her mother's death, $10,723.24 from

8 the mother's IRA, representing both sisters' interests, was transferred into an "inherited" IRA entitled

9 "Kay A. Thiem Wells Fargo #xxx6594, Marjorie Ann Dymock DECD." Mrs. Thiem paid to her

10 sister the sister's share of the money using the debtor's personal funds, while maintaining the original

11 balance of funds in the IRA.

12        Between 2005 and the petition date, Mrs. Thiem took out only the required

13 distributions from the inherited IRA, leaving a balance of $10,032.57 as of the petition date. Upon

14 filing bankruptcy, the debtors claimed an exemption in the inherited IRA in the amount of

15 $10,032.57 pursuant to Bankruptcy Code § 522(b)(3) [3] and the Arizona exemption for a retirement

16 plan, ARIZ. REV. STAT. ("ARS") § 33-1126(B).

17        The chapter 7 trustee timely objected to the claimed exemption, citing case law which

18 construed federal exemption statutes. The debtors responded, also citing case law which interpreted

19 federal law. Following a hearing, and while the matter was under submission, the debtors filed an

20 amended exemption claim under § 522(b)(3), pursuant to ARS §§ 33-1126(B) and 33-1126(A)(1).

21 The trustee then filed an amended objection, to which the debtors responded.

22        There is no dispute that the mother's IRA qualified as an exempt IRA. The trustee

23 objects, however, to the debtors' assertion that the funds in the inherited IRA retained their exempt

24 status, or are exempt under either state or federal law. The trustee also asserts that the debtors are

25 ─────────────────

26     [2]    A "traditional" IRA is any IRA that is not a Roth IRA or a Simple IRA. See IRS Publication 590 ("IRS Pub."), p. 7.1.

27
     [3]    This statute is Title 11 of the United States Code. On Schedule C, the debtors must
28 either check box § 522(b)(2) (federal bankruptcy exemptions) or § 522(b)(3) (state or federal exemptions other than those under § 522(d)).

2

only entitled to a $5,361.62 exemption, if any, reflecting the original amount of Mrs. Thiem's half of the inherited funds.

## IV. ISSUES

1. Whether the debtors can claim an exemption in the inherited IRA under either ARS § 33-1126(B) or § 522(b)(3)(C), or both.

2. Alternatively, whether the IRA is exempt under ARS § 33-1126(A)(1) as money received by a child "upon the life" of a deceased parent.

## V. DISCUSSION

Upon the filing of a bankruptcy petition, an estate is created consisting of all of the legal or equitable interests of the debtor in property as of the commencement of the case "wherever located and by whomever held." 11 U.S.C. § 541(a)(1); In re Konnoff, 356 B.R. 201, 204 (9th Cir. BAP 2006); In re Pettit, 217 F.3d 1072, 1077 (9th Cir. 2000). Certain property that is initially included in the bankruptcy estate may be removed therefrom through the exemption process. 11 U.S.C. § 522.

A claimed exemption is presumptively valid, unless a party in interest objects and that objector satisfies its burden that the exemption is improperly claimed. See In re Nicholson, 435 B.R. 622, 620 (9th Cir. BAP 2010); 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(c).[4]

---

[4] There may be an unresolved issue regarding the burden of proof in exemptions claimed under state law, which was not briefed by the parties. In Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), the Supreme Court held that in determining the validity of a proof of claim, specifically pursuant to state tax law, the bankruptcy court must apply the state's burden of proof rule because the burden of proof is a substantive aspect of the claim. Id., 530 U.S. at 20-21. It also noted, however, that Bankruptcy Rule 3001(f), which governs proofs of claims, "does not address the burden of proof when a trustee disputes a claim." Id. at 22 n.2.

The issue comes to light when comparing Judge Klein's concurrence in In re Davis, 323 B.R. 732 (9th Cir. BAP 2005) (opining that the burden of proof may also be different for an objection to a claim of exemption based on a non-federal ground), with dictum in Nicholson, 435

Case 4:10-bk-19279-JMM    Doc 49    Filed 01/19/11    Entered 01/20/11 07:42:14    Desc
Main Document    Page 3 of 21

Arizona has opted out of the federal exemption scheme provided in § 522(d).  See ARS § 33-1133(B).  Debtors in Arizona are only permitted the use of federal non-bankruptcy exemptions and the Arizona exemptions.  Hon. W. H. Brown, L. Ahern and N. Fraas MacLean, Bankruptcy Exemption Manual, § 3.01, p. 76 (2006).

## A. The available exemption statutes for an IRA

There is one relevant exception to the opt-out rule.  In enacting BAPCPA,[5] Congress created a new class of exemptions for certain retirement funds regardless of whether the state of domicile has opted out of the federal scheme for other property.[6]  Of this class, § 522(b)(3)© is applicable in opt-out states and § 522(d)(12) applies in the federal exemption scheme.  Id., § 2.17, p.60-61.  The two provisions are identical and provide an exemption for:

> retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

B.R. at 633 (citing to Raleigh and stating that [b]ecause Congress has regulated the allowance of exemptions in bankruptcy, the Code and Rules may alter burdens of proof relating to exemptions, even if those burdens are part of the 'substantive' right under state law.").

Here, neither party has addressed the burden of proof under these Arizona statutes, nor could the court find any definitive case law. For purposes of this decision, and in the absence of clarification from the appellate courts, this court will presume that the Supreme Court in Raleigh did not affect the ultimate burden of proof allocation upon the trustee under Rule 4003(c). Furthermore, based on the undisputed facts, and the court having found that the validity of the exemption claim was unrebutted, the court is able to resolve this matter of law without having to decide this issue. See In re Greenfield, 289 B.R. 146, 149 (Bankr. S.D. Cal. 2003).

[5] BAPCPA stands for the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Public Law 109-8, 119 Stat. 23.  The amendments apply to cases filed on or after October 17, 2005.  BAPCPA § 1501.

[6] Congress thus exercised its power to preempt state-court exemptions. See 4 COLLIER ON BANKRUPTCY ¶ 522.10[9] (the debtor's right to exempt retirement funds under § 522(b)(3)(C) "should prevail over any conflicting state exemption laws").  The new provisions are *in addition to* the federal exemption under § 522(d)(10)(E) which exempts "certain benefits that *are akin to future earnings* of the debtor," HR Rep. No. 595, 95th Cong., 1st Sess. 361-62 (1977) (emphasis added), including the debtor's "right to receive . . . a payment under a . . . pension . . . or similar plan or contract on account of illness, disability, death, age, or length of service, *to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . .*" 11 U.S.C. § 522(d)(10)(E) (emphasis added).

4

"Now, even if some states may not allow retirement plans to be exempted from the reach of creditors, Congress has made this exemption available to all debtors by placing the language in section 522(b)(3)© to eliminate the opt-out." Id. at 62. This new category of exemption rights "may be exercised by the debtor even if the debtor's state has opted out of the federal exemption scheme." 4 COLLIER ON BANKRUPTCY ¶ 522.10[9] at 522-90 (16th ed. 2010); In re Patrick, 411 B.R. 659, 663-64 (Bankr. C.D. Cal. 2008) (a § 522(b)(3)© election can be used in opt-out states such as California).

Congress' intent was "to expand the protection for tax-favored retirement plans or arrangements that may not be already protected under [§] 541(c)(2) pursuant to Patterson v. Shumate . . . or other state or Federal Law." HR Rep. No. 31, 109th Cong., 1st Sess. 224 (2005). In addition, such retirement fund may be claimed exempt even if it is only in "substantial compliance with" applicable requirements of the IRC, or if not, if the debtor can claim that he or she is not materially responsible for such failure of compliance. Id.; 11 U.S.C. § 522(b)(4)(A)-(B).

The debtor's exemption rights under § 522(b)(3)(C) also apply to certain direct (trustee-to-trustee) transfers, providing that funds so transferred "shall not cease to qualify for exemption under paragraph (3)(c) or subsection (d)(12) by reason of such direct transfer." 11 U.S.C. § 522(b)(4)(C) . In addition, the exemption rights continue to apply "to any distribution that qualifies as an eligible rollover distribution within the meaning of section 402(c) of the Internal Revenue Code, or an amount that is a distribution from a fund or account exempt from taxation under section . . . 408 . . . of the Internal Revenue Code, and is deposited to the extent allowed in such a fund or account not later than 60 days after the distribution of such amount." 4 COLLIER ON BANKRUPTCY, supra ¶ 522.10[9] at 522-91; 11 U.S.C. § 522(b)(4)(D).

In this case, both parties have also supported their arguments for and against exemption with the new federal exemption law. Therefore, the court deems the exemptions as also

5

claimed under § 522(b)(3)(C), including the provisions of § 522(b)(4), and this court may compare those statutes and look to case law which construes them.[7]

Under either federal or state law, exemptions are to be liberally construed in favor of the debtor who claims the exemption. In re Arrol, 170 F.3d 934, 937 (9th Cir. 1999); Gardenhire v. Glasser, 26 Ariz. 503, 503, 226 P. 911, 912 (1924); In re Herrscher, 121 Ariz. 29, 31 (Bankr. D. Ariz. 1989 ) (citing ARS § 1-211(B) ("Statutes shall be liberally construed to effect their objects and promote justice.")). The exemption laws in Arizona "were not created merely for the purpose of conferring a privilege on a debtor, but to shelter the family and thereby benefit the state." In re Hummel, ___ B.R.___, ____, 2010 WL 5076421 at *5 (9th Cir. BAP Nov. 19, 2010) (quoting In re Foreacre, 358 B.R. 384, 390 (Bankr. D. Ariz. 2006)). The statutory language may not be reduced or enlarged nor "tortured" in order to grant an exemption that the respective legislature did not intend to create. See id.; In re DeHaan, 275 B.R. 375 (Bankr. D. Idaho 2002).

In interpreting a statute, the plain language of a statute is determinative under federal law. Patterson v. Shumate, 504 U.S. 753, 757, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992). Likewise, the Arizona courts have instructed how to interpret their statutes:

> When interpreting a statute, we must first look to its language, the "best and most reliable index" of its meaning. Unless the legislature clearly expresses an intent to give a term a special meaning, we give the words used in statutes their plain and ordinary meaning. In determining the ordinary meaning of a word, we may refer to an established and widely used dictionary.

State v. Mahaney, 193 Ariz. 566, 568, 975 P.2d 156, 158 (Ct. App. 1999) (citations omitted).

The debtors claimed an exemption under ARS. § 33-1126(B), which provides, in pertinent part:

> B.   Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under § 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under § 457 of the United States internal revenue

---

[7]    The court sees no reason to require the debtors to formally amend Schedule C to recite § 522(b)(3)(C) as a basis for the exemption, since they already checked the § 522(b)(3) box, and invoking § 522(b)(3)(C) would have no impact on the extent to which other property is claimed as exempt. See In re Gill, 2007 WL 2990564 at *2 (Bankr. D. Dist. Col. Oct. 11, 2007).

code [sic] of 1986, as amended . . . shall be exempt from any and all claims of creditors of the beneficiary or participant.

ARS § 33-1126(B) (2010 Thomas Reuters) (footnote omitted).

This statute is similar to § 522(b)(3)(C) and § 522(d)(12). The meaning of a state exemption is controlled by the applicable state law, and a bankruptcy court is bound by the state's construction of its statute. In re Palidora, 310 B.R. 164, 165-66 & n.4 (Bankr. D. Ariz. 2004) (citing In re Goldman, 70 F.3d 1028, 1029 (9th Cir. 1995)). Neither case law nor the legislative history reveal any useful information pertaining to the application of this statute to an inherited IRA.

## B. Section 408 of the Internal Revenue Code

The federal and state statutes recognize an exemption for an IRA that is provided for under the Internal Revenue Code, 26 U.S.C. § 408 ("IRC § 408"), which section governs the creation, operation, and taxability of IRAs. See In re Merrill, 431 B.R. 239, 243 (Bankr. D. Idaho 2009) (citing In re McClelland, 2008 WL 89901 (Bankr. D. Idaho 2008)); 133 A.L.R. FED. 1, 68 (2010 Thompson Reuters). An IRA is defined as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries," provided that the trust meets the requirements of that statute.[8] IRC § 408(a). Generally, any IRA is exempt from taxation under section 408. IRC § 408(e); 14 COLLIER ON BANKRUPTCY ¶ Intro.05[2][b] (15th ed. rev. 2010) ("The 2005 amendments to the Code provide the debtors will be permitted to exempt all funds in any account exempt from taxation under sections 401, 403, 408, 408A, 414, 457 and 501(a) of the Internal Revenue Code.").

There is no dispute that the mother's IRA qualified as an exempt IRA under either federal law or the Arizona statute. See Rousey v. Jacoway, 544 U.S. 320, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005); In re Bharucha, 115 B.R. 671 (Bankr. D. Ariz. 1990); In re Herrscher, 121

---

[8] These requirements are such things as the amount of allowable annual contribution, prohibition on commingling or investment in life insurance contracts, that the trustee be a bank, etc. See IRC § 408(a)(1)-(6).

B.R. 29 (Bankr. D. Ariz. 1989).  The question is whether Arizona and/or federal law would also recognize and extend an exemption for the inherited IRA.  The court believes this question is answered by the requirements of IRC § 408, because the IRC creates an inherited IRA and treats the inherited IRA as tax deferred and subject to distribution rules.

Upon the death of an IRA owner, IRC § 408 provides for an "inherited" IRA:

> **(ii) Inherited individual retirement account or annuity.–** An individual retirement account or individual retirement annuity shall be treated as inherited if--
>
> > **(I)** the individual for whose benefit the account or annuity is maintained acquired such account by reason of a death of another individual, and
> >
> > **(II)** such individual was not the surviving spouse of such other individual.

In order to maintain tax-exempt status, an inherited IRA must meet the following criteria:

> **Inherited from someone other than spouse.** If you inherit a traditional IRA from anyone other than your deceased spouse, you cannot treat the inherited IRA as your own.  This means that you cannot make any contributions to the IRA.  It also means you cannot roll over any amounts into or out of the inherited IRA.  However, you can make a trustee-to-trustee transfer as long as the IRA into which amounts are being moved is set up and maintained in the name of the deceased IRA owner for the benefit of you as beneficiary.

IRS Pub. 590, p. 20 (2010).

The beneficiary is required to begin taking withdrawals--either annual distributions based on life expectancy within one year or the entire amount within five years--regardless of the beneficiary's age.  See id. at 35; IRC § 408(a)(6); § 401(a); Treas. Reg., 26 C.F.R. § 1.408-2(b)(7), § 1.401(a)(9)-3. Unlike an original IRA, early withdrawals from an inherited IRA carry no penalty. IRS Pub. 590, p. 51, 64-65.  Upon receipt, distributions to the beneficiary are taxable as ordinary income. 26 U.S.C. § 408(d)(1).

An inherited IRA may be transferred tax free in a direct trustee-to-trustee transfer. IRS Pub. 590, p. 20.  "A taxpayer is not treated as having received a taxable distribution from an IRA if funds in the IRA are transferred from one account trustee directly to another account trustee

8

without the IRA owner or beneficiary ever gaining control or use of the funds." <u>Jankelovits v. C.I.R.</u>, T.C. Memo. 2008-285, 2008 WL 5330811 (U.S. Tax Ct. 2008). "In the absence of payment or distribution, the transfer would not be a rollover contribution described in section 408(d)(3)(A) because such funds are not within the direct control and use of the participant. This conclusion would apply whether the bank trustee initiates or the IRA participant directs the transfer of funds." Rev. Rul. 78-406, 1978 WL 42152 (IRS RRU 1978). <u>See also</u> IRC § 402(c)(11), providing that a trustee-to-trustee transfer of a distribution from an employees' pension plan to an inherited IRA shall be treated as an eligible rollover distribution that is excluded from the distributee's taxable gross income.

Here, the debtors' counsel, at the November 4th hearing, maintained that there was a "trustee-to-trustee" transfer to the current IRA. <u>See</u> Minute Entry, ECF No. 41. While counsel's argument is not evidence, clearly, the new IRA is in the mother's name as well as the debtor-beneficiary's name. In addition, the balance of funds has only been slightly reduced, presumably by the required minimum distributions. The debtors maintained that, other than the initial transfer, they have not rolled over any amount from the account. The facts also reflect that they have not made any monetary contributions to augment the original funds (setting aside for the moment the trustee's legal argument on that point, which is considered and rejected below). Thus, the undisputed facts are consistent with a determination that Mrs. Thiem's IRA is an inherited IRA that was a direct transfer in compliance with the IRC.[9]

---

[9] Prior to explaining that a trustee-to-trustee transfer had actually taken place, the debtors had alleged that the funds were "rolled" into the new account within 60 days of the mother's death. See Debtors' Mem. in Opp. 2, ECF No. 28. An inherited IRA cannot be rolled over or allowed to receive a rollover contribution. IRS Pub. 590, p. 24. Assuming, *arguendo,* that a cash distribution was "rolled" over, IRC § 408(d)(3)(A)(I) provides that rollovers are not included in the gross income of the *individual for whose benefit the account is maintained* if the entire amount received is paid into another IRA *for the benefit of such individual* not later than 60 days after receipt of the payment or distribution. <u>See also</u> § 522(b)(3)(C) and § 522(b)(4)(D) (exempting rollovers). Arguably, this section applies only where the original owner rolls over the money. <u>See</u> 26 C.F.R. § 1.408-1(c)(3) (distinguishing "individual on whose behalf an individual retirement account is established" from that same "individual's beneficiary"). Nonetheless, the court does not find that a rollover took place, here, and therefore does not need to reach a rollover contribution issue.

1    The trustee has not submitted any evidence to raise an issue concerning the
2  aforementioned facts.  For example, the trustee does not dispute that a direct transfer from the
3  mother's IRA to the inherited IRA occurred, even while the trustee analogizes that the funds in the
4  inherited IRA are equivalent to a "cash inheritance."  See Trustee's Reply 2, ECF No. 39. The
5  gravamen of the trustee's argument is that an inherited IRA is neither an exempt "retirement plan"
6  under the Arizona statute nor exempt "retirement funds" under the federal statutes.

7
8                          **C.  Case law - Two Camps**
9
10    In the absence of any Arizona law on point, the trustee cites a series of cases from
11 other jurisdictions which held that inherited IRAs are not exempt, while the debtors find support in
12 contrary opinions.  None of the statutes at issue in these cases specifically addressed inherited IRAs.
13 Nor were the state statutes, if any, that were construed in these cases identical to ARS § 33-1126(B).
14 None expressly provided an exemption for a plan "beneficiary," as does the Arizona law, although
15 most  provided an exemption for a person's "interest in" or "rights to" such a plan/fund, or words to
16 that effect.  All of the state statutes at issue provided an exemption for an IRA that qualified for tax
17 exemption under IRC § 408, such that the Internal Revenue Service treatment of the IRA was the
18 determining factor as to whether or not the funds in the IRA were exempt.  Clearly, "[a] number of
19 courts have wrestled mightily with the language of the IRS Code and its interplay with various state
20 exemption statutes."  In re Tabor, 433 B.R. 469, 474 (Bankr. M.D. Pa. 2010).  This court finds the
21 case law in support of an exemption for an inherited IRA to be more convincing, starting with the
22 reasoning of In re McClelland, 2008 WL 89901 (Bankr. D. Idaho 2008).

23    In McClelland, the Idaho statute provided an exemption for "[t]he right of a person
24 to a pension, annuity, or retirement allowance or disability allowance, or death benefits, or any
25 optional benefit, or any other right accrued or accruing to any citizen of the state of Idaho under any
26 employee benefit plan." An "employee benefit plan" included an IRA described in IRC § 408. Idaho
27 Code § 11-604A.  The debtor, in McClelland, was the sole beneficiary of her aunt's IRA and
28 established an inherited IRA which she claimed as exempt under Idaho law. McClelland, 2008 WL

1    89901 at *2.  The bankruptcy court allowed the exemption, noting that the Idaho legislature "painted

2    with a broad brush" and "chose not to limit the scope of protection to retirement account owners

3    only." Id. at *3-4.  It further stated: "[T]o benefit from this exemption statute, a person need not

4    actually earn the funds deposited in the retirement account or plan.  All retirement income to which

5    a person 'may become entitled' is exempt." Id. at *4.

6               Similarly, the Arizona statute does not limit the exemption to the person who

7    contributed the funds, i.e., the owner or plan participant, but also entitles the beneficiary to receive

8    the protection.  In McClelland, the court had to interpret the broad language of the Idaho statute to

9    extend to a beneficiary, whereas the Arizona statute expressly includes the beneficiary.

10              The trustee attempts to distinguish "retirement plan," as provided in the Arizona

11   statute, from "retirement funds," as provided in § 522(b)(3)(C), therefore implying a required

12   retirement purpose in ARS § 33-1126(B).  The debtors, on the other hand, contend that the plain

13   language of § 33-1126(B) does not require the beneficiary to use the plan funds for his or her own

14   retirement purposes.[10]

15              The trustee raises valid policy concerns concerning inherited IRAs that, simply, could

16   be cashed out.  Nonetheless, the plain language of ARS § 33-1126(B) protects "any money or other

17   assets payable to a participant in *or beneficiary of*, or *any interest* of any participant *or beneficiary*

18   *in*, a retirement plan under § . . . 408 . . . from any and all claims of creditors of *the beneficiary* or

19   participant." Id. (emphasis added).  Therefore, under Arizona law, an inherited IRA is precisely the

20   money payable to, or a beneficiary's interest in, a retirement plan that is exempt from process.  Any

21   distinction is lost.

22              The trustee urges the court to adopt the reasoning of In re Lacefield, case no. 2:03-bk-

23   22470-CGC , an unpublished decision entered on July 20, 2004.  In that case, the debtor inherited,

24   upon her mother's death, the $483.62 a month her mother was receiving in retirement funds from

25

26              [10]      In any event, the debtors maintain that Mrs. Thiem is using the money for retirement

27   purposes because she takes only the required distributions and is reinvesting the distributions into
     another retirement vehicle. With regard to the debtors' assertion that the IRA is being used for Mrs.

28   Thiem's retirement purposes, there is little to no evidence of this before the court.  Therefore, the
     court will not address that part of the argument, nor does it need to in order to resolve this matter.

11

Case 4:10-bk-19279-JMM    Doc 49    Filed 01/19/11    Entered 01/20/11 07:42:14    Desc
Main Document    Page 11 of 21

the Indiana State Teacher's Retirement Fund. When the debtor filed for bankruptcy, she claimed an exemption for the payments under ARS § 33-1126(B) [formerly designated as subsection (C)], which provided an exemption for "[a]ny money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a [qualified] retirement plan." The court rejected the claim, stating, without further analysis:

> The key distinction here is that it was Debtor's mother's retirement fund and not Debtor's retirement fund. Debtor was not a participant in or a beneficiary of the retirement plan. Her mother was. Debtor receives these funds only as a result of her mother's death and solely as an inheritance.

Id. at 3.

The facts in Lacefield are distinguishable from the instant case. Mrs. Thiem is clearly a named beneficiary of her mother's IRA. IRS Pub. 590 states: "[i]f you inherit a traditional IRA, you are called a beneficiary. A beneficiary can be any person or entity the owner chooses to receive the benefits of the IRA after he or she dies." Id. at 18. See also IRC § 401(a)(9)(E) (defining "designated beneficiary" as "any individual designated as a beneficiary by the employee"); Treas. Reg., 26 C.F.R. § 1.408-2(b)(8). Under the Arizona statute, a "beneficiary" may claim an exemption in the funds payable to her from, or her beneficial interest in, another person's retirement plan that meets the requirements of IRC § 408.

The Lacefield decision was rendered prior to BAPCPA's amendments, which were enacted to ensure that debtors may exempt, under either federal or state exemptions, retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under the enumerated sections of the IRC. Tax exemption extends to funds that are in an inherited IRA, as discussed above. Therefore, the holding of Lacefield is not helpful on this issue.

This court also agrees with the Tabor opinion. There, the debtor claimed an exemption for an inherited IRA account under Pennsylvania law and 11 U.S.C. § 522(b)(3)(C). The Pennsylvania statute provided an exemption for

> [a]ny retirement or annuity fund provided for under section . . . . 408, . . . of the Internal Revenue Code of 1986 . . . , the appreciation theron, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds.

12

1  Id. at 472.

2        Unable to locate any state court decision on the issue of whether inherited IRAs are

3  exempt from process under the Pennsylvania law, the court held that it need not make a

4  determination under state law and, instead, determined that the inherited IRA was exempt under

5  § 522(b)(3)(C). Id. at 474. Noting that Congress in enacting BAPCPA had expanded the exemption

6  status for retirement plans that are established under provisions of the IRS Code, the bankruptcy

7  court concluded that the increased protection for such retirement funds extended to inherited IRAs

8  (trustee-to-trustee transfers), pursuant to the plain and unambiguous language of § 522(b)(4)(C) .

9        There are only two requirements for an IRA to be exempt under § 522(b)(3) or the

10  corresponding federal statute, § 522(d)(12), according to the Tabor court: "(1) the amount the debtor

11  seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that

12  is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein."

13  Id. at 475 (quoting In re Nessa, 426 B.R. 312, 314 (8th Cir. BAP 2010) (§ 522(d)(12)). Both

14  requirements were met, even though the retirement funds belonged originally to the debtor's

15  deceased mother, the court concluded. Tabor, 433 B.R. at 476.

16        This court also looks to In re Kuchta, 434 B.R. 837 (Bankr. N.D. Ohio 2010). Ohio

17  is an opt-out state and, therefore, the debtor was allowed to claim an exemption in an inherited IRA,

18  which was created by a trustee-to-trustee transfer, under both Ohio law and § 522(b)(3)(C). Id. at

19  842.

20        The bankruptcy court found that the inherited IRA could not be exempt under state

21  law because the statute expressly required that the debtor must have made the contributions to the

22  IRA. Id. at 842-43. Nevertheless, the court concluded that the inherited IRA was exempt under

23  § 522(b)(3)(C) as retirement funds exempt from taxation under IRC § 408. Id. at 844.

24        The line of cases that deny exemptions in inherited IRAs commonly conclude that

25  inherited IRAs are (1) fundamentally different from a traditional IRA under the IRC and (2) lack

26  a retirement purpose. These courts determined that an inherited IRA is (1) subject to an entirely

27  different set of rules upon the use, distribution and taxation of the funds, and (2) no longer for used

28  for retirement purposes but is "a liquid asset which may be accessed by [the debtor] at his discretion

13

without penalty, and which he *must* take as income within a relatively short period of time without regard for his retirement needs." In re Sims, 241 B.R. 467, 470 (Bankr. N.D. Okla. 1999) (Oklahoma law) ; see also In re Chilton, 426 B.R. 612 (Bankr. E.D. Tex. 2010) (§ 522(d) (12)); In re Ard, 435 B.R. 719 (Bankr. M.D. Fla. 2010) (Florida law and citing case law for § 522(d)(12), and citing Robertson v. Deeb, 16 So. 3d 936 (Ct. App. 2 Dist. 2009) (non-spousal inherited IRA not exempt from garnishment); In re Klipsch, 435 B.R. 586 (Bankr. S.D. Ind. 2010) (Indiana law); In re Jarboe, 365 B.R. 717 (Bankr. S.D. Tex. 2007) (Texas law); In re Taylor, 2006 WL 1275400, at *2 (Bankr. C.D. Ill. 2006) (Illinois law); In re Navarre, 332 B.R. 24 (Bankr. M.D. Ala. 2004) (Alabama law).

This court respectfully disagrees with these courts. Even though inherited IRAs are treated differently under the IRC, they are still protected from taxation for a time period that is provided under the IRC. In fact, the Internal Revenue Code and Regulations ensure that the original retirement funds will be protected and remain unchanged in character, e.g., by prohibiting contributions and rollovers to the new account. Therefore, it is not accurate to state that inherited IRAs do not meet the requirements for an IRA under § 408. Both ordinary and inherited IRAs are exempt from taxation, and that is all that is required by ARS § 33-1126(B) and 11 U.S.C. § 522. See Tabor, 433 B.R. at 469; see generally A. J. Golden, "Retirement Benefits and Creditor's Rights," SS007 ALI-ABA 289, 303 (2010).

Nor did any of the above cases analyze § 522(b)(3)(C) or § 522(b)(4)(C). The plain language of § 522(b)(4)(C) provides that transfers of the type that create an inherited IRA do not cause a loss of exemption eligibility. In Chilton, the debtors alternatively asserted that the transfer of funds from the deceased account to the debtor's account was a trustee-to-trustee transfer protected by § 522(b)(4)(C). The bankruptcy court did not address this poignant argument. Chilton, 426 B.R. at 621-22; see also Nessa, 426 B.R. at 315 n.3.

Secondly, another argument commonly made by these courts against allowing an exemption for an inherited IRA is a determination that the retirement funds must be the *debtor's* own retirement funds. See, e.g., Chilton, 426 B.R. at 617.

1    The debtors cite to Nessa.  There, the Eighth Circuit Bankruptcy Appellate Panel

2    concluded that such a requirement would "impermissibly limit the statute beyond its plain

3    language."  Nessa, 426 B.R. at 314.  While the Chilton court warned that allowing the exemption

4    would mean writing "retirement" out of "retirement funds," the Nessa court countered that

5    disallowing the exemption would be writing *in* the "*debtor's* retirement funds" where the statute only

6    says "retirement funds."  See Chilton, 426 B.R. at 617; Nessa, 426 B.R. at 314.

7    This court agrees with Nessa and Tabor that neither § 522(b)(3)(C) nor § 522(d)(12)

8    require the retirement funds to be those originally created by the debtor-beneficiary.  Until Congress

9    sees fit to amend or clarify this exemption, this court holds that an inherited IRA that complies with

10   the IRC is, in name and substance, an account that meets the requirements of the Arizona and federal

11   retirement exemption statutes at issue here.

12   Courts that have followed the reasoning of Nessa include Tabor, Kuchta and In re

13   Weilhammer, 2010 WL 3431465 (Bankr. S.D. Cal. Aug. 30, 2010).  As mentioned above,

14   McClelland, a decision which predated Nessa, held that Idaho law did not limit its exemption to only

15   those funds held by the person who contributed them to the account, and upheld the exemption in

16   an inherited IRA.  Therefore, this court does not perceive a "trend" to deny such exemptions at this

17   time.  See Jarboe, 365 B.R. at 721.

18   The trustee has raised several additional objections to the exemption, which will be

19   dealt with as follows, in no particular order.

20

21   **Objection 1:  Only monies that are "payable" are exempt under ARS § 33-1126(B)**

22

23   Section 33-1126(B) protects money that is "payable" to the beneficiary.  The trustee

24   contends that the debtor was already paid the monies out of her mother's IRA in 2005, and then

25   merely "placed" the money into another IRA.  Trustee's Reply 2, ECF No. 39.  Therefore, the trustee

26   contends that the facts do not fall within the exemption.

27   As stated above, the undisputed facts and law are consistent with an inherited IRA

28   under the Internal Revenue Code.  The new IRA retains the mother's name and is not designated

15
Case 4:10-bk-19279-JMM    Doc 49    Filed 01/19/11    Entered 01/20/11 07:42:14    Desc
Main Document      Page 15 of 21

1  solely as Mrs. Thiem's account.  Moreover, the funds in an inherited IRA may not be rolled over.

2  IRC § 408 (d)(3)(C).  The inherited IRA may be transferred into a traditional IRA for the benefit

3  of the beneficiary by a direct trustee-to-trustee transfer.  Such a transfer is considered neither a

4  "rollover" nor a "distribution. " See IRS Pub. 590, p. 20.  In fact, the direct transfer maintains the

5  tax exempt nature of the funds in the new account.  See id. ("Like the original owner, you generally

6  will not owe tax on the assets in the IRA until you receive distributions from it."); IRC § 408(e); 11

7  U.S.C. § 522(b)(4)(C).

8           There is a presumption that Mrs. Thiem's IRA complies with the requirements of the

9  IRC for a direct transfer of the inherited IRA, and the trustee has not rebutted that presumption with

10  any evidence that it is not in compliance.  See § 522(b)(4).

11           As such, the trustee's objection is not persuasive in light of the specific means

12  provided by the IRC to protect the tax-exempt nature of the funds in an inherited IRA.  Therefore,

13  the court finds that the retirement funds in the inherited IRA are still "payable" to Mrs. Thiem.

14

15           **Objection 2:  An inherited IRA receives its exempt status from IRC § 402(c)(11)**

16

17           The trustee contends that the inherited IRA's exemption is created under IRC

18  § 402(c)(11).  Since that section is not listed in ARS § 33-1126(B) (designating §§ 401(a), 403(a),

19  403(b), 408, 408A or 409),  the trustee asserts that an inherited IRA is not exempt.

20           Section 402 governs the "[t]axibility of beneficiary of employees' trust." An

21  employees' trust is described in IRC § 401(a).  See IRC § 402(a).  Section 402(c)(11) allows the

22  beneficiary of an employee trust to move the inherited funds into an IRA account for his or her

23  benefit via a trustee-to-trustee transfer without paying taxes on the distribution, by treating the

24  transfer as an eligible rollover distribution and as an inherited IRA.  I.R.C. § 402(c)(11)(A).

25           This type of analysis was also made by the Texas bankruptcy court in Chilton, 426

26  B.R. 612 (Bankr. E.D. Tex. 2010).  The bankruptcy court first distinguished the tax treatment of

27  retirement accounts versus the tax treatment of distributions.  It held that an inherited IRA is merely

28  "a vehicle for receiving *distribution* from a tax exempt account . . . ."  Id. at 621.  The court then

concluded that the inherited IRA's tax exempt status was created under IRC § 402(c)(11) and did not fall under the IRA account exemption of § 408(e)(1). Id.

Such an analysis is not in accord with the legislative history of this section, which, ironically, was described in depth in the prior Texas case of Jarboe. There, the court discussed the amendment adding subsection (c)(11) to § 402 by the Pension Protection Act ("PPA) in order to expand the types of retirement plans that may create an inherited IRA :

> Whereas previously only the transfer of a decedent's IRA could create an inherited IRA, now a trustee-to-trustee transfer of several types of retirement plans (i.e., not just IRAs but also employer-sponsored plans such as 403(a) plans, 403(b) plans, and 457(b) plans) may create inherited IRAs.
>
> . . . .
>
> [T]he PPA does nothing to change the tax treatment of inherited IRAs; rather it only levels the playing field for more kinds of non-spouse beneficiaries, eliminating the somewhat harsh tax treatment of non-spouse beneficiaries of employer-sponsored retirement plans. (Prior to the passage of the PPA, non-spouse beneficiaries of employer-sponsored retirement plans typically had to take distribution either in a lump sum or within five years . . . .)

Jarboe, 365 B.R. 717, 724 n.10; see also Pub. L. No. 109-280, 120 Stat. 780 (2006), section 829.

Legal authors have commented that Chilton engaged "in a very complex statutory analysis . . . [s]omething for which bankruptcy court judges are ill-equipped for statutes other than the Bankruptcy Code." See A. J. Golden, supra, Retirement Benefits and Creditor's Rights, SS007 ALI-ABA at 305. The authors then state: "In fact § 402(c)(11) simply authorizes a non-taxable trustee-to-trustee transfer [which would otherwise have been prevented by § 408(d)(3)(C)], so long as the IRA remains an inherited IRA; i.e., one maintained in the name of the decedent fbo the beneficiary." Id. (Alteration in original.)

In addition, IRC § 408(e), which states that "any" IRA is exempt from taxation, "does not distinguish between an inherited IRA and traditional types of IRAs." Nessa, 426 B.R. at 315. Therefore, this court has grounds to reject this argument, as well.

Case 4:10-bk-19279-JMM    Doc 49    Filed 01/19/11    Entered 01/20/11 07:42:14    Desc
Main Document    Page 17 of 21

## Objection 3: The debtor's payment to her sister was a prohibited "contribution"

The trustee contends that the tax exempt qualification of the inherited IRA was destroyed, either as to the entire fund or to half of it, when the debtor paid her sister her portion of the funds using the debtor's personal funds. In essence, the trustee maintains, that transaction was a prohibited "contribution" to the IRA which destroyed the nature of the inherited IRA.

Alternatively, the trustee contends that the exemption should be limited to Mrs. Thiem's half of the inheritance in the amount of $5,361.62.

An inherited IRA may not be treated as one's own. "This means that you cannot make any contributions to the IRA. It also means you cannot roll over any amounts into or out of the inherited IRA." IRS Pub. 590, p. 20.

The ordinary meaning of "contribution" is the act of contributing something, such as a payment, or "to give a part to a common fund." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 272 (11th ed. 2004).

This court does not agree that Mrs. Thiem's payment to her sister was essentially a "contribution" of her personal funds to the IRA. The same funds, which were the mother's retirement funds, remained in the inherited IRA at all times. The arrangement between the two sisters was a distinct and separate transaction between two beneficiaries which did not affect the total amount or nature of the inherited IRA.

There are certain acts by a beneficiary, who is a fiduciary, that will cause a loss of the tax exemption, such as self-dealing, sale or lending of the money. See IRC § 408(e)(2) (citing IRC § 4975). The transaction between the two beneficiaries whereby Mrs. Thiem's sister essentially agreed to release her one-half interest in the inherited IRA for the cash payment from Mrs. Thiem was not such a prohibited transaction, under IRC § 4975, nor has the trustee contended that it was.

Therefore, the court holds that neither a contribution nor a prohibited transaction occurred to destroy the character of the IRA. The inherited IRA in its entirety is intact.

In summary, based on the foregoing analysis, the trustee has not rebutted the presumption that the assets in the inherited IRA are exempt under § 33-1126(B) and § 522(b)(3)(C).

18

Mrs. Thiem is a beneficiary of her mother's retirement plan. The inherited IRA contains retirement funds, and is exempt from taxation under IRC § 408. Thus, the statutory requirements are met.

## D.  The Alternate Claim under ARS § 33-1126(A)(1)

The debtors amended their Schedule C to claim an exemption in the inherited IRA pursuant to ARS § 33-1126(A)(1), which provides, in pertinent part:

> A.   The following property of a debtor shall be exempt from execution, attachment or sale on any process issued from any court:
>
> 1.   All money received by or payable to a surviving spouse or child upon the life of a deceased spouse, parent or legal guardian, not exceeding twenty thousand dollars.

The trustee maintained that this statute's reference to "money . . . payable . . . upon the life" only refers to life insurance, which is defined, elsewhere in the statutes as "insurance on human lives . . ." ARS § 20-254, and generally described as "insurance on the life of" someone. See ARS §§ 20-1257(A), 20-1603(3), 20-1131(A).

The court will overrule this objection on the following grounds. The legislative history reveals no useful information pertaining to the interpretation of the phrase at issue or the purpose behind the exemption. The legislature, however, knew how to write or amend subsection (A)(1) to limit it to the proceeds of life insurance policies if it had wanted to. In fact, subsection (A)(6) provides a certain exemption for "[t]he cash surrender value of life insurance policies . . ." Section (A)(1), however, is not limited to "life insurance policies."

When this statute was revised, in 1983, an article appeared in the Arizona Bar Journal (now Arizona Attorney), which presented two views of the new exemption law. Interestingly, in View 1, Professor Dale Beck Furnish wrote:

> Other changes included increasing from $10,000 to $20,000 the exemption for money received by [sic] surviving spouse or child "upon the life" of a deceased spouse, parent or legal guardian, *referring to life insurance* and liability claims.

Case 4:10-bk-19279-JMM    Doc 49    Filed 01/19/11    Entered 01/20/11 07:42:14    Desc
Main Document    Page 19 of 21

D.B. Furnish, "Arizona's New Exemption Statute," 19 Ariz. B.J. No. 3, p. 32, 42 (1983) (emphasis added). However, in View 2, Mr. Thomas Salerno, Esq. wrote that the same exemption statute

> has been modified to allow a claimant to except funds up to $20,000 *received due to the death* of a deceased spouse, parent, or "legal guardian."

Id. at 48 (emphasis added).

An Arizona bankruptcy court has also interpreted the statute broadly. In Lacefield, an unpublished decision previously cited by the trustee because the bankruptcy court, there, had disallowed the debtor's exemption claim in an inherited pension under ARS § 33-1126(B), the court alternatively allowed the exemption under ARS § 33-1126(A)(1). The court found that the debtor was a "death beneficiary" as to those funds. In re Lacefield, case no. 2:03-bk-22470-CGC, at 4 (July, 20, 2004).

Mrs. Thiem received the funds in the inherited IRA due to the death of her mother. Therefore, this court will also interpret ARS §33-1126(A)(1) liberally as exempting Mrs. Thiem's inherited IRA, as an alternative basis for the exemption.

## VI. CONCLUSION

Mrs. Thiem's inherited IRA, in the total amount of $10,032.57, is exempt under the Arizona exemption statute, ARS § 33-1126(B), which extends protection to monies payable to a beneficiary of a retirement plan which meets the requirements of the IRC. In addition, the retirement funds are exempt, for a debtor in an opt-out state, under § 522(b)(3)(C).

Alternatively, the inherited IRA are exempt funds received by a death beneficiary pursuant to ARS § 33-1126(A)(1).

DATED AND SIGNED ABOVE.

1    COPIES to be sent by the Bankruptcy  Notification Center ("BNC") to the following:

2    Stephen Trezza, Attorney for Debtors

3    Trudy Nowak, Ch. 7 Trustee

4    Office of the U.S. Trustee

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28